MARIETTA BREGGUGLIA v. BOROUGH OF VINELAND

1. A common council of a borough organized under the act for the formation of boroughs (*Rev. Sup., p.* 44) has not power to pass an ordinance making a private trespass penal.
2. A justice of the peace in such a borough cannot collect a fine imposed for the violation of an ordinance by a commitment.

On *certiorari.*

This writ of *certiorari* brings up a conviction, judgment and commitment made by the mayor of the borough of Vineland.

Argued at June Term, 1890, before Justices REED and GARRISON.

For the plaintiff in *certiorari, J. J. Crandall.*

The opinion of the court was delivered by

REED, J.   The conviction brought up was for the violation of an ordinance of the borough of Vineland.

The complaint before the mayor charges that the prosecutrix was guilty of violating ordinance No. 3, by unnecessarily going upon and crossing the private grounds rented and occupied by the complainant after the posting of a notice by the complainant forbidding persons from crossing or trespassing upon said lands.

Section 3 of ordinance No. 5, which section the prosecutrix was charged with violating, is certified by the mayor with the proceedings sent up.   This is the language :

"And be it ordained and enacted, That it shall be unlawful for any person or persons to cultivate the land between side-walks and roads within said borough to corn, potatoes or other crops, nor shall any person be permitted to plow or break up such land, unless by permission of the borough and committee for the purpose of promoting the growth of trees thereon, or to reseed the same to grass.   It shall be unlawful for any person or persons to unnecessarily go upon, drive over or cross the yards or private grounds of others without permission, or to allow their horses, cattle, goats or swine to run at large within said borough ; and any person or persons so offending shall forfeit and pay a fine not exceeding ten dollars for each offence ; and it shall be lawful for the mayor to impose a fine or imprisonment, or both, in his discretion, for the violation of any of the provisions of this ordinance."

The record states that when the prosecutrix was brought before the mayor for a hearing she pleaded guilty to the charge of unnecessarily crossing the grounds, as specified in the complaint, but claimed that the complainant had no right to prevent her, as another person was the real owner.

The mayor then proceeded to try that question of fact, namely, whether the complainant ·or another person was in possession of the lot of land crossed. The mayor afterwards found the prosecutrix guilty of the charge as specified in the complaint, and imposed a fine of $5 and costs. He took security for the payment of the fine within ten days. The fine not having been paid within that time, the mayor issued a commitment to imprison the defendant until the fine and costs were paid, said period of imprisonment not to exceed ten days.

If we should concede the regularity of the conviction and judgment entered by the mayor, there nevertheless seems to be no support for the commitment of the prosecutrix because of her failure to pay the fine imposed. It appears, by the admission of counsel, that Vineland is a municipality incorporated under the act of 1878 and its supplements, entitled "An act for the formation of borough governments." *Rev. Sup., p.* 44.

The power of the mayor to punish violators of ordinances is found in the eighth section of that act. He is empowered to commit any person to the lockup of said borough for any time in his discretion, not exceeding ten days, or to impose a fine not exceeding $20, or both.

Under the authority so conferred the mayor can fine or he can imprison, or he can impose a fine and also imprisonment, as a judgment. But he cannot pronounce as a judgment the payment of a fine and afterwards issue a commitment to the lockup as a final process to collect the fine. The power to use process for this purpose must be expressly conferred.

The rule is illustrated by the case of *White* v. *Tallman,* 2 *Dutcher* 67, where the common council attempted to provide by ordinance for the collection of a fine by a sale and distress of property without express authority conferred by charter,

and the case of *State* v. *Zeigler*, 3 *Vroom* 262, where, without charter authorization, an ordinance gave power to collect a fine by distress, and in case no distress could be made, then by a commitment of the offender to jail till the fine and costs should be paid, not exceeding seven days. Both ordinances were held void.

A by-law that the party shall pay 40*s.*, and, for non-payment, shall be imprisoned, is void. *Com. Dig., tit. "By-Law,"* *E* 1. This is said in respect of an ordinance passed by virtue of the inherent power which corporations had to pass ordinances without parliamentary sanction. I find no statute which confers the power of commitment as an aid in collecting fines imposed for the violation of borough ordinances.

There is an act, passed in 1880, to be found in *Rev. Sup.*, *p.* 534, which confers a power to issue executions against property and persons upon judgments rendered in prosecutions for the violation of ordinances, but the act applies to cities only.

If there is any act, in the tangled web of laws which have been passed to affect the various classes of municipalities in one way or another, which affects boroughs incorporated under this act in the matter now under consideration, I have not found it.

The commitment, therefore, is without legal support.

But the invalidity of the proceedings is not confined to the commitment. It affects the conviction and judgment in a radical particular. In my judgment, that part of the ordinance upon which this prosecution is instituted is entirely null. The act charged in the complaint is a private trespass, pure and simple.

The complaint, it is observed, charges the prosecutrix with unnecessarily going upon and crossing the private grounds rented and occupied by the complainant. This charge is undoubtedly within the language of the ordinance, for that bylaw makes it unlawful for any person to unnecessarily go upon, drive over or cross the yards or private grounds of others without permission.

But I find no warrant in the Borough act for the passage of an ordinance which makes penal a private trespass.

The grant of power to the common council is found in section 12. In the enumeration of the subjects which the borough legislature could regulate by ordinance, aside from the general welfare clause, there is but one subdivision which can be regarded as possessing a semblance of authority for the enactment of the clause of the ordinance now in question.

That subdivision is No. 1 of paragraph 11 of section 14. It reads thus : "To declare what shall be considered nuisances in the streets, roads, lots and places in said borough, and to prevent and remove all obstructions, incumbrances and nuisances in and upon any street, road, lot, sidewalk, inclosure or other place in said borough." But the most customary analysis of these words will make it apparent that they contain no grant of authority so broad as the power here exerted.

The crossing of a private lot is neither an obstruction, encumbrance or nuisance, within the meaning of this clause of the charter.

This clause is intended as a special grant of local police power.

The primary object to be effected by the exertion of the police power is not the adjustment of private wrongs, but is the conservation of comfort, welfare and peace of the public.

A nuisance maintained upon a private lot is within the terms as well as policy of the charter, for it affects the public. An encumbrance or obstruction within a street, sidewalk, public lot or park also affects the public, and is within the scope of the words of the charter. Also that part of the ordinance which forbids the plowing or planting of land within the boundaries of a street, seems unobjectionable; so, the part which restrains the running at large of animals, is within the power granted to the common council in another subdivision.

But an act done upon private property, which does not amount to a nuisance, is neither within the words or spirit of the charter.

Conviction and commitment are set aside.