# Boggs, Appellant, *v.* Jewell Tea Co.

*Negligence—Wagon—Automobile—Pedestrian — Sudden emergency—Contributory negligence—Case for jury—Nonsuit.*

In an action to recover damages, for the death of plaintiff's husband, from the owner of a wagon, the evidence tended to show that the wagon was being driven south at a walk on a narrow street towards a crossing with a wide avenue. At the time, an ambulance was approaching the crossing on the avenue from the east at a speed of eighteen to twenty miles an hour. Its gong had been steadily rung for at least half a square. It was actually entering on the street, in plain sight of the driver of the wagon, when the latter whipped up his horse, causing it to lunge forward into the avenue, directly in the path of the ambulance. The driver then suddenly pulled around to the west towards the deceased who was crossing south on the street on its west side. The latter jumped out of the path of the horse immediately in front of the ambulance which had swerved to the southward to avoid the wagon. The ambulance going about fifteen miles an hour, struck the deceased, who was at the moment about two-thirds of the way over the avenue, and some twenty feet west of the street crossing. *Held,* (1) that it was for the jury to decide whether the driver of the wagon or the driver of the ambulance had the right to the crossing; and also whether it was negligence for the driver under the circumstances to endeavor to cross ahead of the ambulance, instead of stopping to let it pass; (2) that the following issues should have been submitted (a) whether the driver whipped his horse in an attempt more effectively to control it, or in an effort to pass in front of the ambulance; (b) if the latter, then whether his act was negligence and constituted the proximate cause of the accident and (c) the alleged contributory negligence of the deceased.

Argued Jan. 9, 1919.   Appeal, No. 20, Jan. T., 1919, by plaintiff, from order of C. P. No. 2, Philadelphia Co., June T., 1917, No. 1646, refusing to take off nonsuit in case of Georgia A. Boggs v. Jewell Tea Company.   Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling, Simpson and Kephart, JJ.   Reversed.

Trespass against the owner of a wagon to recover damages for the death of plaintiff's husband.   Before Rogers, J.

At the trial the court directed a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellant.—The negligent act of defendant's driver placed the deceased in a position of danger and was the proximate cause of his death: Vallo v. United States Express Company, 147 Pa. 404; McClung v. Penna. Taximeter Cab Co., 252 Pa. 478; Dorety v. Horrocks, 65 Pa. Superior Ct. 572.

The decedent was not guilty of contributory negligence: Miller v. Lewistown Electric Light, H. & P. Co., 212 Pa. 593.

*W. W. Smithers,* for appellee.—The accident was due solely to the negligence of the ambulance driver, and the court was right in entering a nonsuit: Rhad v. Duquesne Light Co., 255 Pa. 409; Stubbs v. Edwards, 260 Pa. 75; Brown v. Chambers, 65 Pa. Superior Ct. 373; McClung v. Penna. Taximeter Cab Co., 252 Pa. 478; Wagner v. Philadelphia Rapid Transit Co., 252 Pa. 354; Bew v. Daley, 260 Pa. 418; Stubbs v. Edwards, 260 Pa. 75.

There was no evidence that the deceased was in any such peril from defendant's wagon as showed any duty that was violated by defendant in the happening of the

accident: Alexander v. American Express Co., 258 Pa.
378.

OPINION BY MR. JUSTICE MOSCHZISKER, February 3,
1919:

John Boggs was killed at 5:15 p. m., July 29, 1916, at
the intersection of Allegheny avenue and D street,
Philadelphia. The avenue, which runs east and west, is
quite wide and bears a double line of car tracks; while
the street, which is narrower, extends north and south.
It was a "perfectly light" evening; Boggs started from
the west sidewalk of D street to cross Allegheny avenue
from north to south; at this time, a municipal hospital
ambulance, carrying an emergency case, and sounding
its gong, was approaching from the east, on the north
side of the avenue, about five feet from the curb, while a
horse, attached to a wagon, was being driven south,
along the west side of D street, by an employee of de-
fendant; no other vehicles or pedestrians were on the
highways in the immediate locality in question. When
the ambulance was some ten feet east of D street, near-
ing it at a speed of from eighteen to twenty miles an
hour, defendant's horse was five feet north of Allegheny
avenue, going down D street at a "walk" and "under con-
trol"; with matters thus, despite the facts that the am-
bulance gong had been steadily sounding for at least half
a square, and that vehicle was actually entering on D
street, in plain sight of the driver of the wagon, the lat-
ter "whipped up" or "lashed" his horse (until then going
at a "walk" and "under control"), causing it to lunge
forward into Allegheny avenue, directly in the path of
the oncoming automobile; the wagon driver apparently
realizing he could not get across in safety, "suddenly"
pulled around to the west toward Boggs, who jumped out
of the path of the horse, immediately in front of the am-
bulance, which had swerved sharply southward, so as to
avoid contact with defendant's team. The ambulance,
then going about fifteen miles an hour, struck Boggs,

who, at the moment, was about two-thirds of the way over Allegheny avenue and some twelve feet west of the D street crossing; he died as the result of the collision, and his widow brought this suit.

At trial, the court below ruled that defendant's driver had a right to cross Allegheny avenue ahead of the automobile and the proximate cause of the accident was the negligence of the chauffeur of the latter vehicle; a nonsuit was entered, and the refusal to take it off is assigned as error.

In deciding this case, it may be granted that "the rights of a horse-drawn vehicle and an automobile, proceeding at right angles, at the intersection of two streets, are reciprocal and the first at the crossing has the primary right to proceed" (Brown v. Chambers, 65 Pa. Superior Ct. 373); furthermore, the question whether or not ambulances carrying emergency cases are subject to the same rules as other automobiles, can be disregarded; but, be these matters as they may, we all know that, when an ambulance, sounding its gong, approaches at high speed, it is given the right of way by universal custom or consent; and this fact is entitled to consideration in measuring conduct to ascertain what, under such circumstances, an ordinarily careful man would do, or, in other words, what defendant's driver should have done.

First, it was for the jury to decide which of the drivers, by priority of approach, had the right to the crossing; next, in any event, if the driver of the wagon saw and heard the oncoming ambulance, at a time when his horse was traveling at a "walk" and "under control," whether or not there was negligence in his endeavor to cross ahead of the auto vehicle (as plaintiff's witnesses testified he did), instead of stopping to let it pass, was a question for the jury; and, finally, the following issues should have been submitted: (1) whether the driver whipped his horse in an attempt more effectively to control it or in an effort to pass in front of the automobile, (2) if the latter,

then whether his act was negligent and constituted the proximate cause of the accident, and (3) the alleged contributory negligence of plaintiff's husband.

Of course, for present purposes, in reciting the facts, we have viewed the evidence in the light most favorable to plaintiff; and all we now decide is that, from the testimony produced at the present trial, such facts might reasonably be found, and, since they would support a recovery, the case must go to a jury, under proper instructions on the law as to the issues of negligence and proximate cause.

The assignments of error are sustained and the judgment of nonsuit is reversed with a procedendo.