# Boggs *v.* Jewell Tea Co., Appellant.

*Negligence — Vehicle — Collision with pedestrian — Proximate cause—Intermediate agency—Allegata and probata—Joint wrongdoers.*

1. A proximate cause is one which, in actual sequence, undisturbed by any independent intervening cause, produces the result complained of.

2. Whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary and natural course of events, though such consequences be immediately brought about by intervening causes, if such intervening causes were set in motion by the original wrongdoers.

3. Negligence may be the proximate cause of an injury of which it is not the sole or immediate cause, as where it sets in motion some intermediate agency by which the injury is inflicted.

4. In an action to recover damages for the death of plaintiff's husband, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that, at the time of the accident, an ambulance containing four persons was proceeding along the north side of an avenue, when defendant's horse, attached to a wagon going south on a cross street, came on the avenue directly in front of the ambulance, which swerved to the south to avoid a collision; that for the same purpose, the horse was turned suddenly to the west; that just at that moment, deceased, who was walking south across the avenue near the west line of the cross street, jumped forward to avoid the horse, and was killed by the ambulance; and that the whole incident happened in about three seconds. The proximate cause of the accident was the negligent act of driving the horse in the path of the ambulance.

5. Even if the negligence of the chauffeur of the ambulance concurred with that of defendant's driver, it would not be a defense against the owner of the wagon, inasmuch as an action lies against either of the joint or concurring wrongdoers; nor would it be a defense that the chauffeur by the exercise of skill and judgment might have averted the accident in spite of defendant's negligence.

6. In such a case, if the statement of claim avers that the negligence of the driver was in the attempt to pass in front of the ambulance, there is no variance between the allegata and the proof.

7. The court committed no error in charging that the jury, in measuring the conduct of defendant's driver, might consider the fact that, by universal custom and consent, an ambulance sounding its gong and approaching at high speed, is given the right of way.

*Negligence—Damages—Infant plaintiff—Cost of maintenance of child—Value of money payable in future.*

8. In an action by a widow on behalf of herself and a child one year old, to recover damages for the negligent killing of her husband, it is not error for the trial judge to call the jury's attention to the fact that, as the child grew older, the cost of maintenance would likely increase; and this is especially so in view of the judge's further instruction that she might go to work at the age of sixteen.

9. There is no legal objection to proof of the present value of money payable at a future time.

*Appeals—New trial—Discretion of court.*

10. The appellate court cannot review the action of the trial court in passing upon a motion for a new trial, except in case of manifest abuse of discretion.

*Practice, C. P.—Trial—Improper remarks of counsel—Action of trial judge in examining witnesses—Withdrawing juror.*

11. Improper remarks of counsel at the trial, are not a ground for the allowance of a new trial, where they were not objected to at the time, nor before verdict, and there was no request for the withdrawal of a juror.

12. The action of the trial judge in freely participating in the examination of witnesses, cannot be considered as a ground for a new trial, where there was no objection to any question asked by the judge, nor request that, by reason thereof, a juror be withdrawn.

Argued January 15, 1920.   Appeal, No. 174, Jan. T., 1920, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1917, No. 1646, on verdict for plaintiff in case of Georgia A. Boggs v. Jewell Tea Company.   Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's husband.   Before BARRATT, P. J.

The facts are stated in the opinion of the Supreme Court. See also Boggs v. Jewell Tea Co., 263 Pa. 413.

Verdict and judgment for plaintiff for $9,000. Defendant appealed.

*Errors assigned* were various instructions and rulings, as stated in the opinion of the Supreme Court.

*W. W. Smithers,* for appellant.—The trial judge clearly erred in instructing the jury as to the measure of damages: Penna. R. R. Co. v. Butler, 57 Pa. 335; Mansfield C. & C. Co. v. McEnery, 91 Pa. 185; McHugh v. Schlosser, 159 Pa. 480; Palmer v. P., B. & W. R. R. Co., 218 Pa. 114.

Defendant was entitled to have the jury instructed clearly and unequivocally that if the driver of the ambulance, after swerving from his course, could have avoided the accident by the exercise of due care, his own personal act might be found as the sole proximate cause of decedent's death: Nirdlinger v. Am. Tel. Co., 245 Pa. 458; Herr v. Lebanon, 149 Pa. 222; Wallace v. Keystone Automobile Co., 239 Pa. 110; Schwenk v. Kehler, 122 Pa. 67.

The court abused its discretion in refusing to grant defendant's motion for new trial: Rauch v. Scholl & Miller, 68 Pa. 234; Smith v. Times Pub. Co., 178 Pa. 481; Mix v. North American Co., 209 Pa. 636; Stephens v. Gunzenhauser, 27 Pa. Superior Ct. 417; Dougherty v. Pittsburgh Rys. Co., 213 Pa. 346; Henry v. Huff, 143 Pa. 563; Com. v. Shoemaker, 240 Pa. 255; Saxton v. Pittsburgh Rys. Co., 219 Pa. 492.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellee.

Opinion by Mr. Justice Walling, February 23, 1920:

This action by a widow, on behalf of herself and child, is for damages resulting from the death of her husband.

On July 29, 1916, a city ambulance was proceeding west along the north side of Allegheny avenue, Philadelphia, when defendant's horse attached to a delivery wagon, going south in D street, came on the avenue directly in front of the ambulance, which swerved to the south to avoid a collision, and for the same purpose the horse was turned suddenly to the west. Just at that moment the deceased, who was walking south across the avenue near the west line of D street, jumped forward to avoid the horse and was killed by the ambulance. The facts are fully stated in the opinion by Mr. Justice MOSCHZISKER on the former appeal (Boggs v. Jewell Tea Co., 263 Pa. 413, 415), where we held the case was for a jury; and, as the facts now presented are not essentially different, we might be spared any extended reconsideration of that question. However, as this appeal is by defendant from judgment entered upon a verdict for plaintiff on a different record, we have carefully examined all the questions here presented and find no substantial error.

When the father was killed the child (a girl) was a year old, and, on the question of damages, the trial judge called the jury's attention to the fact that as she grew older her cost of maintenance would likely increase. That was a matter of common knowledge and did the defendant no harm, especially in view of the judge's further suggestion that she might go to work at the age of sixteen. In Delahunt v. United T. & T. Co., 215 Pa. 241, it is held not reversible error for the trial judge to remark to the jury that the deceased father might have been liable to contribute more to the support of a deaf-mute child than he ordinarily would.

There was no error in affirming plaintiff's first point to the effect that in measuring the conduct of the defendant's driver the jury might consider the fact that by universal custom and consent an ambulance sounding its gong and approaching at high speed is given the right of way. That is practically our language on the former appeal: Boggs v. Jewell Tea Co., supra.

The gravamen of plaintiff's statement is the negligence of defendant's driver in failing to properly control the course, speed and direction of the horse-drawn vehicle and in causing or permitting the same to come within the line of travel of the ambulance, compelling the latter to swerve from its course with the resulting . accident; which is supported by evidence that the driver struck the horse and caused it to lunge forward in the path of the ambulance. Four persons were in the latter and to prevent a forcible collision with defendant's horse, and probable loss of life, the chauffeur turned to the left and the horse, when too late, to the right, averting the collision but causing the death of Boggs. The real negligence was in the attempt to pass in front of the ambulance, and, as that was properly charged, there is no variance. It is sufficient if the proof substantially accords with the allegations: See Sikorski v. Phila. & R. Ry. Co., 260 Pa. 243; Cameron v. Citizens Traction Co., 216 Pa. 191.

Under plaintiff's evidence, the proximate cause of the accident was driving the horse in front of the ambulance; but for that, the latter would have continued its course along the north side of the avenue and Boggs would have been across in safety. That act necessitated a change of the course of both vehicles and caused the accident, and it all happened in about three seconds. It was a short chain of events, unbroken by any independent intervening cause. It is like the case where A, jumping to avoid a blow aimed at him by B, accidentally injures C, in which the act of B is undoubtedly the proximate cause of C's injury. A proximate cause is one which, in actual sequence, undisturbed by any independent cause, produces the result complained of: Bruggeman et al. v. City of York, 259 Pa. 94; Nirdlinger v. Am. Dist. Tel. Co., 245 Pa. 453, 458; Behling v. Southwest Penna. Pipe Lines, 160 Pa. 359. "The test of proximate cause is whether the facts constitute a continuous succession of events so linked together that they become a natural

whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause": Quinlan v. Phila., 205 Pa. 309, 313; Thomas v. Central Railroad Co. of N. J., 194 Pa. 511. "Whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary and natural course of events, though such consequences be immediately brought about by intervening causes, if such intervening causes were set in motion by the original wrongdoer": 1 Thompson on Negligence, sec. 52; Cameron v. Citizens Traction Co., supra. Negligence, however, may be the proximate cause of an injury of which it is not the sole or immediate cause: Ibid. 194; Burrell Twp. v. Uncapher, 117 Pa. 353, 363; Cohn v. May, 210 Pa. 615. A cause is proximate when it sets in motion some intermediate agency by which the injury is inflicted: Miller v. Electric Light, H. & P. Co., 212 Pa. 593; Johnson v. Phila. R. T. Co., 56 Pa. Superior Ct. 20; Wheelock v. Erie R. R. Co., 61 Pa. Superior Ct. 145; McCaughey v. Am. Ice Co. (No. 1), 45 Pa. Superior Ct. 370; and see Henry v. Philadelphia, 264 Pa. 33. In view of the principles above stated, the negligent act of driving the horse in the path of the ambulance, as found by the jury, was undoubtedly the proximate cause of the accident.

Defendant's negligence must be a proximate cause, but not necessarily the sole cause, of the accident. Even conceding that the negligence of the chauffeur of the ambulance concurred with that of defendant's driver, of which there is slight if any evidence, it would not be a defense here. An action lies against either of joint or concurring wrongdoers: Faust v. P. & R. Ry. Co., 191 Pa. 420; Comey v. Phila. Traction Co., 175 Pa. 133; Mann v. Weiand, 81* Pa. 244. So, if true, it is no defense here that the chauffeur, by the exercise of skill and judgment, might have averted the accident in spite of defendant's negligence. True, if the chauffeur, as a sub-

sequent independent act, struck the deceased, the defendant would not be liable, but of that there was no sufficient evidence.

As we have often said, we cannot review the action of the trial court in passing upon a motion for a new trial except in case of manifest abuse of discretion. While the verdict is for a very substantial sum it is not so clearly excessive under the evidence as to warrant our interference. And the remarks of plaintiff's counsel in his closing address to the jury were not objected to at the time, nor before verdict, and there was no request for the withdrawal of a juror, so they form no legal ground for a new trial. Moreover, as he was discussing the evidence we are not prepared to say that a timely objection could have been sustained.

There is no legal objection to proof of the present value of money payable at a future time: Faber v. Gimbel Bros., 264 Pa. 1; Fletcher v. Wilmington Steamboat Co., 261 Pa. 1; Seeherman v. Wilkes-Barre Co., 255 Pa. 11.

In the motion for a new trial, criticism is also made of the conduct of the trial judge in so freely participating in the examination of the witnesses. In a jury trial the judge has an undoubted right to interrogate witnesses; even jurors may ask questions: Wallace v. Keystone Automobile Co., 239 Pa. 110. The conduct of a trial judge in that regard might constitute such an abuse of discretion as to require a new trial; but here there was no objection to any question asked by the judge, nor request that by reason thereof a juror be withdrawn; hence, the defendant, having taken its chances with the jury, cannot successfully raise such question on motion for a new trial.

The assignments of error are overruled and the judgment is affirmed.