## Ex parte EWING HALL.

No. A-8041.  Opinion Filed Jan. 3, 1931.
(294 Pac. 823.)

Billups & Billups, for petitioner.

W. W. McKenzie, Mun. Counsel, and G. B. Fulton, Asst. Mun. Counsel, for respondent.

EDWARDS, P. J.  This is an original proceeding in habeas corpus. Petitioner alleges that he is unlawfully restrained by the police officers of Oklahoma City on commitment issued on a charge of driving an ambulance

equipped with a siren, contrary to a city ordinance; that said ordinance is unreasonable and void. He admits operating an ambulance with siren open as alleged.

The ordinance complained of is No. 2591, par. P, § A-7, the pertinent part of which reads:

"* * * No vehicle shall be equipped with a siren except fire apparatus, police cars or emergency cars belonging to the city of Oklahoma City. No vehicle belonging to the city of Oklahoma City shall be equipped with a siren except upon written order of the city manager."

Petitioner contends that by state statute, by the city ordinance, and by a well-recognized line of decisions, a certain class of vehicles, including ambulances responding to emergency calls, are exempt from the general application of legislation regulating highway traffic. Our attention is called to a provision of what is commonly referred to as the "stop, look and listen" law, section 1, c. 101, Session Laws 1925, wherein it is provided that the act shall not apply to motor-driven ambulances when responding to any emergency call; to rule 7, § 10164, Comp. Stat. 1921 (chapter 76, Session Laws 1927), which among other things provides that ambulances when plainly designated shall have the right of way in any street or road and through any procession; to paragraph N, of Ordinance 3591 of Oklahoma City, which provides that certain vehicles, including ambulances, giving signal by bell or siren, shall have the right of way, and other vehicles shall pull to the curb and come to a stop until such preferred vehicles shall have passed; to section A-21 of Ordinance 3591, giving ambulances responding to an emergency call right of way through processions. Numerous decisions in support of the contention are cited, some of which apply to municipal fire apparatus and some to an officer in

pursuit of a criminal, but several are applicable to ambulances in emergency cases. 42 C. J. 1026, par. 771 (4); Boggs v. Jewell Tea Co., 263 Pa. 413, 106 A. 781; Id., 266 Pa. 428, 109 A. 666; Puget Sound Electric Railway Co. v. Benson (C. C. A.) 253 F. 710; Green v. Eden, 24 Ind. App. 583, 56 N. E. 240.

The respondent admits that ambulances have the right of way over other vehicles and pedestrians, but insists the ordinance in question does not seek to take away nor to restrict the exercise of this right, but contends that the ordinance is a valid exercise of the city's police power, and by it the city merely seeks to prevent an obnoxious noise which disturbs the public peace and repose, citing 42 C. J. 637, § 47; Hines v. Foreman (Tex. Com. App.) 243 S. W. 479; West v. Jaloff, 113 Or. 184, 232 Pac. 642, 36 A. L. R. 1391; Newman v. Overholtzer, etc., 182 Cal. 778, 190 Pac. 175; Lilly v. West Virginia (C. C. A.) 29 F. (2d) 61.

When the jurisdiction of this court is invoked by habeas corpus to declare void a statute or ordinance, every presumption is indulged in favor of the validity of the statute or ordinance. We will not declare such to be void if it can reasonably be sustained. Ex parte Westellison, 38 Okla. Cr. 207, 259 Pac. 873, and authorities cited.

The purpose in giving ambulances the right of way and requiring other vehicles to pull to the curb and stop is for humane reasons; it being in the mind of the legislative authority that the ill or injured conveyed by ambulance should reach a place for medical attention in the shortest possible time. But giving an ambulance the right of way is one thing and prohibiting it from disturbing the repose and quiet of the city by the unearthly shriek of a siren is another thing. The conditions surrounding the

use of the streets and highways are very different from what they were before the general use of the automobile. Restrictions are necessary and reasonable now which would have been unnecessary and unreasonable in the days of the horse-drawn vehicle. With the advent and congestion of the streets by the automobile, some restrictions as to noise are necessary as well as restrictions as to speed and various other traffic regulations. The loud, piercing, shrill, and screaming noise of a siren excites the average person operating an automobile. Some other signal with a modified, less objectionable tone should be substituted. The ambulance service of Oklahoma City is by privately owned commercial vehicles operated for hire. Under the police power, it is subject to reasonable regulations to preserve the public safety and peace. Like other vehicles, ambulances may be prohibited from running with open mufflers or cut-outs and from making other unnecessary or disquieting noises; they are subject to reasonable speed regulations and other reasonable police regulations not in conflict with the law giving them the right of way. The ordinance in question is valid.

For the reasons assigned, the writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.