## In re W. H. WEBB.

No. A-8040. Opinion Filed June 27, 1931.
(1 Pac. [2d] 416.)

J. A. Shirley and Walter J. Turnbull, for petitioner.

J. Berry King, Atty. Gen., (J. R. Hannah, of counsel), for respondent.

EDWARDS, J. This is an original proceeding in habeas corpus. Petitioner alleges that he is unlawfully restrained by the chief of police of the city of Durant under and by virtue of a conviction in the municipal court upon a charge based on an ordinance forbidding the soliciting or drumming of patronage for persons authorized to perform marriage ceremonies; that said ordinance is void because unreasonable and in excess of the police power of the city.

The respondent has filed a return setting out, in substance, that the city of Durant, under authority of section 4547, Comp. St. 1921, enacted an ordinance in part as follows:

"Sec. 1. Any person who shall be found within the city of Durant soliciting or drumming patronage for any person authorized to perform marriage ceremonies or who shall induce or persuade any person to obtain the services of any particular person or official to perform a marriage ceremony, whether such soliciting be for compensation or otherwise, shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not to exceed $20 including costs."

Section 4547, Comp. St. 1921, is:

"The mayor and council shall have the care, management and control of the city and its finances, and shall have power to enact, ordain, modify or repeal any and all ordinances not repugnant to the laws of the United States and the Constitution and laws of this state, as they shall deem expedient and for the good government of the city, the preservation of the peace and good order, the suppression of vice and immorality, and the benefit of trade and commerce, and the health of the inhabitants

thereof, and such ordinances, rules and regulations as may be necessary to carry such power into effect. They shall divide the city into not less than four wards, and establish the boundaries thereof. The council shall have no power to allow or pay any debt or obligation of any character arising from any act done, or thing bought by any provisional government, formerly existing, where the cities now are, nor of any debt, to any person made therewith under any guise whatsoever, unless authorized so to do by a majority of the legal voters of such city."

It is held that a city of the first class may prohibit those things which may reasonably be said to affect the morals, health, and safety of its citizens. In re Gribben, 5 Okla. 379, 47 Pac. 1074; Walcher v. Church, 76 Okla. 9, 184 Pac. 106, 6 A. L. R. 1593; Ex parte Westellison, 38 Okla. Cr. 207, 259 Pac. 873; Ex parte Hall, 49 Okla. Cr. 366, 294 Pac. 823; 19 R. C. L. 854; 28 Cyc. 726. A municipality may prohibit the advertising and soliciting of trade within its limits, and the personal solicitation of customers where such soliciting constitutes a source of annoyance or confusion. 19 R. C. L. 158, note 17. The county seats of the counties bordering on the state of Texas are resorted to by a great many persons from Texas for the purpose of procuring license to marry and to be married in this state to avoid restrictions upon the issuing of marriage license in Texas. Statistics have been made public at various times disclosing a great excess in the number of marriage licenses issued and marriage ceremonies performed in counties along the Texas border over other counties of like population in this state. We perceive that the drumming or soliciting of patronage for persons authorized to perform the marriage ceremony in the public places of such county seats may constitute an annoyance to the public and be inimical to good order, and tends to belittle and bring into contempt the solemnizing of marriages.

The ordinance in question, however, goes far beyond the power of the municipality, in particular that it does not limit its application to the public places of the city, but applies equally when done in the privacy of the home. It is not within the power of the municipality to regulate the conduct of its citizens in this particular except in so far as they may be done in public or constitute an annoyance or be against the good order and repose of the community.

For the reasons assigned, the writ is awarded, and the petitioner discharged.

DAVENPORT, P. J., and CHAPPELL, J., concur.