CITY OF MCALESTER et al. v. GRAND UNION TEA CO. et al.

*98 P. 2d 924.*

No. 28670.  Jan. 30, 1940.

W. J. Horton, W. S. Horton, and H. I. Aston, all of McAlester, for plaintiffs in error.

Eldon J. Dick, of Tulsa, and Busby, Harrell & Trice, of Ada, for defendants in error.

Charles B. Cochran and Fisher Ames, both of Oklahoma City, amici curiae.

RILEY, J.  Defendants in error obtained judgment below declaring invalid a municipal ordinance of the city of McAlester which provided that the act of entering in or upon private residences within the city, without invitation of the occupant, by solicitors and the like for the purpose of soliciting orders for or selling merchandise, was a nuisance punishable as a misdemeanor.

This is the Green River ordinance, upheld in the state of origin, Town of Green River v. Bunger (Wyo.) 58 P. 2d 456, condemned in Federal District Court, 60 F. 2d 613, resurrected by reversal in Federal Circuit Court of Appeals, 65 F. 2d 112, overthrown in White v. Town of Culpeper (Va.) 1 S. E. 2d 269, Prior v. White (Fla.) 180 S. E. 347, 116 A. L. R. 1176; Jewel Tea Co. v. Town of Bel Air (Md.) 192 Atl. 417, City of Orangeburg v. Farmer (S. C.) 186 S. E. 783; Real Silk Hosiery Mills v. City of Richmond (Cal.) 298 F. 126.

The decisive issue now presented is whether the ordinance as enacted was in excess of authority delegated from the state to the city:

"A municipal corporation in this state has only such powers as conferred upon it by the Legislature '* * * grants of such powers are strictly construed against the corporation. * * *' " Cain's Coffee Co. v. City of Muskogee, 171 Okla. 635, 44 P. 2d 50; Ex parte Holmes, 162 Okla. 30, 18 P. 2d 1053.

Section 6380, O. S. 1931 (11 Okla. St. Anno. § 642), invests general authority in cities to enact ordinances, not repugnant to laws of the United States and the laws of this state, for good government of the city, the preservation of the peace, trade and commerce, and health of the inhabitants of the city.

Conformable to the view of the Maryland court regarding the Bel Air ordinance, "We fail to see how the solicitation or conduct of a legitimate mercantile business or trade can be resolved into a health, safety or general welfare regulation by suppression by a town ordinance." Nor does the ordinance have for its ostensible purpose preservation of trade or commerce.

There is no relation between the ordinance, good government of the city, or the preservation of peace and order. Spann v. Gaither, 152 Md. 1, 136 A. 41, 50 A. L. R. 620.

The ordinance reflects by its text that the transaction which it seeks to restrain is not a nuisance per se. The act sought to be prohibited is only one without invitation of the household. If the act were a true nuisance, permission or invitation of the householder would not make it lawful. Prior v. White, supra; Fuller Brush Co. v. Town of Green River, 60 F. 2d 613, cited, supra.

By article 5, ch. 33, S. L. 1935, cities and towns of this state are granted right to determine what is and what shall constitute a nuisance within the corporate limits, and likewise shall have such powers outside the corporate limits for protection of public water supply, parks, etc. It is noteworthy that with this grant of power procedure for abatement is provided by action in the district court.

The state law defines "nuisance" by section 11489, O. S. 1931 (50 Okla. St. Anno. § 1):

"A nuisance consists in unlawfully doing an act, or omitting to perform a duty which act or omission either:

"First. Annoys, injures or endangers the comfort, repose, health or safety of others. * * *"

Section 11490, O. S. 1931, defines a public nuisance as being one which offends at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of annoyance or damage inflicted upon the individuals may be unequal.

Section 11491, O. S. 1931, provides:

"Every nuisance not included in the definition of the last section is private."

Section 11496, Id.:

"The remedies against a public nuisance are:

"First: Indictment or information, or
"Second: A civil action, or,
"Third: Abatement."

Section 11501, Id., provides:

"The remedies against a private nuisance are:

"First. A civil action; or
"Second. Abatement."

Section 11502, Id.:

"A person injured by a private nuisance may abate it by removal or, if necessary, destroying the thing which constitutes the nuisance, without committing a breach of the peace or doing unnecessary injury."

Assuming that uninvited residential solicitation of business constitutes a nuisance, it can only be so by reason of the first subdivision of section 11489, supra, in that the act sought to be prohibited annoys the householder. This may well be doubted, for we held in Kenyon v. Edmondson, 80 Okla. 3, 193 P. 739:

"A mere trifling annoyance, inconvenience or discomfort to one with too fastidious or refined tastes will not constitute a nuisance."

And the act of calling at private residences upon any legitimate mission has generally been countenanced if not impliedly invited.

The grant of power to a municipality to declare what shall constitute a nuisance and to remove same "* * * does not empower the municipality to declare a thing a nuisance which is clearly not one. * * *" Duncan Elec. & Ice Co. v. City of Duncan, 64 Okla. 211, 166 P. 1048. But location, conditions, and surroundings may justify such a declaration. Id.

It is seen that the statute defines a nuisance, a public nuisance, and a private nuisance and provides remedies for each. The act sought to be prohibited by the ordinance cannot be said to be other than a private nuisance, for to constitute a public nuisance the act must "affect at the same time an entire community or neighborhood, or any considerable number of persons. * * *" While some annoyance may be said to result from a call of a solicitor, he can only be at one place at one time and such a call cannot reasonably be said to disturb at the same time

an entire community or neighborhood or any considerable number of persons.

As in the Virginia decision, White v. Town of Culpeper, supra, "If the visitation of solicitors merely offends the householder, it is, or may be, a private nuisance, but even so, it is not punishable as a crime. * * *"

"A source of damage to a single private house is not a public nuisance even if similar damage is inflicted on others in different places, the damage not being common or public." 46 C. J. 648.

Although the Federal Circuit Court of Appeals in the cause cited held such an act to be a nuisance, it did not determine whether the nuisance was public or private.

Herein we are drawn to the conclusion that the act sought to be punished as a misdemeanor is not a public nuisance, and since the municipality cannot successfully declare that to be a nuisance which plainly is not, it logically follows that the municipality is without authority under the delegated power to declare that to be a public nuisance, and so punishable as a misdemeanor, which at most is simply a private nuisance subject to less stringent remedies provided by statute.

In Prior v. White, supra, this view prevailed:

"Tested by this rule, the act sought to be prohibited by the ordinance is manifestly not a public nuisance and therefore may not be punished as a crime or misdemeanor. It is an old common law principle that an indictment will lie only for a public nuisance, not for a private nuisance." Dillon on Municipal Corporations (5th Ed.) vol. 2, § 8; King v. Atkins, 3 Burr 1806; King v. Johnson, 1 Wils. 325; 46 C. J. 646; U. S. B. & P. Co. v. State (Ind.) 91 N. E. 953.

The courts have frequently held a municipality without authority under a general grant of police power to make penal a private trespass.

In Breggulia v. Lord (N. J. L.) 20 Atl. 1082, the grant was to declare and prevent nuisances in places of the borough. The act charged was unnecessarily crossing private grounds. The holding was that the object to be effected by exertion of police power was the comfort, welfare, and peace of the public and not the adjustment of private wrongs; wherefore, the ordinance was unenforceable.

It was so held in Horn v. The People, 26 Mich. 221, and In re Webb, 51 Okla. Cr. 267, 1 P. 2d 416. The power of the city of Durant therein was limited to the regulation of conduct in public places and to the prevention of annoyance against the good order and repose of the community.

The ordinance now considered is not regulatory, but preventative and prohibitive as against an act innocent in itself, and without surrounding facts or circumstances that would constitute the act a public nuisance. Substantial and irreparable injury would result to defendant in error from enforcement Judgment affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DANNER, JJ., concur. WELCH, V. C. J., and HURST, J., dissent. OSBORN and DAVISON, JJ., absent.