SIMMONS et al. v. BENSON.

No. 35126.    May 27, 1952.

*244 P. 2d 1126.*

Claud H. Smith, Co. Atty., of Cotton County, Walter Hubbell and Gordon Coker, Walters, for plaintiffs in error.

Wm. T. Powell and Funston Flanagan, Walters, for defendant in error.

BINGAMAN, J.    This is an action in replevin brought by plaintiff, Nile Benson, against Fred Simmons, and Boyd Vantine, as sheriff of Cotton county, to recover five steers which it is alleged the defendants wrongfully hold in their possession. The defendants filed general denials by way of answers. The case was tried to the court without a jury and at the conclusion of all the evidence the trial court rendered judgment for plaintiff for the possession of two of the animals he sought to recover, he being unable to identify the other three. Defendants appeal.

From the record it appears that defendant Simmons took up the five steers which were trespassing upon his wheat field, and being unable to find the owner turned them over to the sheriff who advertised them for sale and sold them at public auction, Simmons being the purchaser. Thereafter plaintiff, discovering that five of his steers were missing, went to Simmons' place and identified the two animals still in Simmons' possession as being his cattle. The trial court held that the notice of sale was insufficient and rendered the sale void, and further held that the evidence was sufficient to show that plaintiff was the owner of the two steers in Simmons' possession. He accordingly rendered judgment for plaintiff for the recovery of the two steers or their value if they could not be delivered to plaintiff.

Defendants contend that there was no competent evidence to support the judgment, and also contend that the

notice given of the sale of the animals as estrays was sufficient.

Taking up the last contention first, 4 O. S. 1951 §81.1, providing for notice of the sale of stray animals, as to the description of the animals to be given in the notice, reads as follows:

"(Describe the stray, by stating the kind of animal, color, weight, size, sex, age, the marks, brands or other distinguishing features about the animal, if any there be, and where the animal is kept and address of taker-up)."

The notice given by the sheriff preliminary to the sale, described the property as follows:

"2. half brahma steers branded ZO on left hip wt. 600 lbs., each

"3. red white-face steers branded lazy L on left hip wt. 600 lbs, each."

It is to be noted that the notice does not state the approximate age of the cattle, nor does it reveal the fact that all of them had bobbed tails, which the plaintiff testified was the distinguishing mark by which he could identify the animals.

No other notice of the sale was given by the sheriff. After setting out the form of notice to be given by the sheriff, the statute provides as follows:

"If the owner of said stray does not appear and claim the same within twenty (20) days from the posting of said notices, then and in that event the Sheriff shall proceed under the above notice to give at least ten (10) additional days' notice of sale of said stray, with the additional statement in said notice that said stray will be sold by the Sheriff of the county at public outcry to the highest responsible bidder, for cash, said sale to be held not less than thirty (30) days from the date of posting of the original notices."

If this statute does not require the giving of a second notice it is meaningless and must be disregarded in its entirety.

We have many times held that a statute should be given a construction which renders every word and sentence operative. Case v. Pinnick, 186 Okla. 217, 97 P. 2d 58; Matthews v. Rucker, 67 Okla. 218, 170 P. 492. Applying this rule to section 81.1, we think the statute clearly and plainly provides for an additional notice after the posting of the first notice and that the failure of the sheriff to give such notice renders the sale invalid, as held by the trial court.

As to the sufficiency of the evidence, it appears that one Bryant had purchased these and other cattle at a sale in Texas and had sold them to the plaintiff who, after keeping them in his possession for a short time, had put them in his father's pasture. Plaintiff testified that he was not familiar with the brands of the cattle and could not say definitely what brands they had, but that in order to identify them beyond question, he bobbed the tails of the five animals prior to putting them in his father's pasture. He testified that Simmons advised him that he had picked up five steers which had gotten into his wheat field and described the brands, but said nothing about their having bobbed tails, and that with such information he advised the defendant Simmons that he had not lost any cattle, being at that time unaware that the cattle had gotten out of his father's pasture. That later, upon finding that his cattle had escaped he went to the Simmons' place, Simmons having purchased all five head at the sheriff's sale, and saw there two of the steers which he positively identified as belonging to him. Plaintiff could identify only the two steers he saw, the other three having been theretofore sold by Simmons.

The evidence on behalf of Simmons showed that he made diligent efforts to ascertain to whom the cattle belonged, even going so far as to advertise the fact that he was holding them as strays, but in none of his advertisements, nor in the notice of sale, did he mention the fact that the animals had bobbed tails which was a distinguishing feature about all of them.

We have examined the evidence carefully and are of opinion that it was sufficient to support the judgment of the trial court.

Affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, CORN, GIBSON, and DAVISON, JJ., concur.