Gerald Dean SWANSON, Appellant,

v.

The CITY OF TULSA, Oklahoma, Appellee.

No. M–80–174.

Court of Criminal Appeals of Oklahoma.

Sept. 3, 1981.

Ed Parks, Boyd & Parks, Tulsa, for appellant.

Waldo F. Bales, City Atty., Sharron Bubenik, Asst. City Atty., Tulsa, for appellee.

## OPINION

BUSSEY, Judge:

Gerald Dean Swanson was convicted in the Municipal Court of Tulsa, Oklahoma, Case No. 276848, for possessing a lighted tobacco cigarette on an elevator in the Tulsa County Courthouse where a "no smoking" sign was prominently displayed. His action was found to be a violation of Revised Tulsa Ordinances, Title 27, Section 658, "Smoking in Certain Public Areas Prohibited—Punishment." The appellant was sentenced to pay a fine of ten dollars ($10.00) and costs of fifty-two dollars ($52.00).

▮ Three propositions of error are raised on appeal. It is first alleged that nowhere within Section 658 of Title 27 of the Revised Tulsa Ordinances is the possession of lighted tobacco cigarette a forbidden or prohibited act.[1] However, the appellant overlooks the fact that Part E of the ordinance makes it a misdemeanor if any person knowingly violates the act, punishable by a fine. Further, the title of the ordinance, "Smoking in Certain Public Areas Prohibited—Punishment," clearly indicates that smoking of lighted tobacco is prohibited and punishable. The courts of this State have long held that a statute's title is to be considered in determining legislative intent, *Phillips v. Oklahoma Tax Commission*, 577 P.2d 1278 (Okl.1978); and, further, a statute is "given a construction which renders every word and sentence operative." *Simmons v. Benson*, 206 Okl. 539, 244 P.2d 1126 (1952). Therefore, we find the appellant's first contention is without merit.

▮ Secondly, the appellant contends that the City of Tulsa, a municipal corporation, does not have the power to punish as a criminal offense the violation of a public nuisance. We disagree. Article 18, § 3(a) of the Oklahoma Constitution grants cities adopting home-rule charters the full power of self government and the power to enact, ordain and enforce ordinances for the purpose of protecting public peace, order, health, morals and safety of inhabitants. The Charter of the City of Tulsa at Article II, Powers of the City, Section 3, "Police Powers," states:

(1) The City of Tulsa shall have power by ordinance duly passed:

(28) To define what all shall be nuisances in the City, ... and to abate such nuisances by summary proceedings and to punish the authors thereof by penalties, fines and imprisonments.

State statutes provide, that, among other things, a nuisance is an act unlawfully done which injures or endangers the health of others. 50 O.S.1971, § 1, now amended as 50 O.S.Supp.1980, § 1. Where the nuisance affects any considerable number of persons, it is a public nuisance. 50 O.S.1971, § 2. The remedies against a public nuisance include indictment or information, 50 O.S. 1971, § 8, and those responsible are at least guilty of a misdemeanor. 21 O.S.1971, § 1191. *City of McAlester v. Grand Union Tea Co.*, 186 Okl. 487, 98 P.2d 924 (1940). Therefore, the City of Tulsa does have the

---

1. Section 658 declares, in part, as follows:

   (A) The possession of lighted tobacco in any form is a public nuisance and dangerous to public health when such possession is in any of the following places used by or open to the public:

   1. Elevators;

power to enforce by criminal sanctions Title 27, § 658 of the Revised Tulsa Ordinances.

Finally, it is argued that Tulsa Revised Ordinances, Title 27, § 658 is impermissibly vague and uncertain thereby denying notice to persons subject to its punishment. The ordinance, by declaring smoking in enumerated public places to be a public nuisance and dangerous to the public health, requiring that "no smoking" and "smoking permitted" signs be posted so assuring notice of the ban, and penalizing knowing violations, affords the reasonably prudent person notice that smoking in public "no smoking" areas is a crime.

The judgment and sentence appealed from is accordingly affirmed.

BRETT, P. J., dissents.

CORNISH, J., concurs.

BRETT, Presiding Judge, dissenting:

I would reverse. Nowhere within § 658 of Title 27 of the Revised Tulsa Ordinances is the possession of a lighted tobacco cigarette a forbidden or prohibited act.[1] Section 658 declares that such an act is a public nuisance, but it does not prohibit nor forbid the possession. Part E of the ordinance makes it a misdemeanor if any person knowingly violates the act. But, because nowhere in the act is possession of a lighted tobacco cigarette a violation, Part E would not apply. Unless an act is prohibited and made punishable by ordinance, it cannot be punished as a crime. 21 O.S.1971, § 3.

Further, this Court has made it clear that due process of law requires that criminal statutes and ordinances be drawn with reasonable specificity in order to inform persons of the conduct that is forbidden. *Switzer v. City of Tulsa*, 598 P.2d 247 (Okl. Cr.1979). Because Tulsa Revised Ordinance, Title 27, § 658, does not specifically inform persons that possession of a lighted tobacco cigarette on an elevator is forbidden by the ordinance, the judgment and sentence should be reversed.

1. Section 658 declares, in part, as follows:
   A) The possession of lighted tobacco in any form is a public nuisance and dangerous to public health when such possession is in any