**Carl A. WOOLEN, Petitioner,**

v.

**Honorable Jimmy COFFMAN, Special Judge, District No. 7, District Court of Oklahoma County, Respondent.**

No. P–83–589.

Court of Criminal Appeals of Oklahoma.

Feb. 15, 1984.

Michael T. Braswell, Oklahoma City, for petitioner.

Diane Clowdus, Asst. Dist. Atty., Oklahoma County, for respondent.

Larry D. Barnett, Oklahoma Dist. Attys. Ass'n, Oklahoma City, for amicus curiae.

## OPINION

CORNISH, Judge:

Carl A. Woolen, petitioner, entered a plea of guilty to a misdemeanor charge of Driving Under the Influence of Alcohol. Respondent judge deferred judgment for two years, and placed petitioner on probation and ordered him to pay One Thousand Dol-

lars ($1,000.00) to the victims compensation fund.

Respondent subsequently denied a motion to reduce the victims compensation assessment. Petitioner asks that this Court prohibit further proceedings and direct that the assessment be lowered to five dollars ($5.00).

 We are of the opinion that prohibitory relief is inappropriate. Prohibition is the process by which an appellate court prevents an inferior court from usurping or exercising unauthorized jurisdiction. *Lawhorn v. Robertson,* 266 P.2d 1008 (Okl.Cr. 1954). It should be issued with forebearance and caution and only in cases of necessity, and not in a doubtful case. *McCreary v. Venable,* 86 Okl.Cr. 169, 190 P.2d 467 (1948).

 In this case, the occurrence of the act to be prohibited-acceleration of the deferred judgment based on nonpayment of the assessment-is uncertain. At the time of the filing of the petition, the payment period had not expired, and there is no indication that acceleration proceedings have been commenced or threatened. Accordingly, necessity has not been shown, and prohibition will not lie.

 However, petitioner's request that we direct the reduction of the assessment is in the nature of mandatory relief. Although the petitioner formally petitions for prohibitory relief, examination of the petition reveals that both prohibitory and mandatory relief are sought, and we will treat the petition as seeking both forms of relief. See *Stewart v. Judge of the 15th Judicial District,* 542 P.2d 945, 947 (Okl.1975). See also *Owens v. Osage County Sheriff's Office,* 531 P.2d 1063 (Okl.Cr.1975) (post-conviction application treated as petition for mandamus); and *Gill v. Raines,* 378 P.2d 778 (Okl.Cr.1963) (petition for habeas corpus treated as petition for mandamus).

 Mandamus is a command from a court of law of competent jurisdiction in

the name of the state or sovereign to some inferior court, tribunal, or board, or corporation or person, requiring the performance of a duty therein specified, which duty results from the official station of the party to whom the writ is directed, or from the operation of law. 52 Am.Jur.2d Mandamus, § 1. Before the writ may issue, the petitioner must show, (1) a clear legal right; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and, (3) the adequacy of mandamus and the inadequacy of other relief. *Draper v. State*, 621 P.2d 1142, 1147 (Okl.1980).

■ We conclude that mandamus is appropriate in this case. The Oklahoma Crime Victims Compensation Act, 21 O.S. 1981, § 142.1, et seq., provides in relevant part:

> In addition to the imposition of any costs, penalties or fines imposed pursuant to law, any person convicted or pleading guilty in a felony or misdemeanor offense, not including traffic offenses, not described in subsection A of this section, the court shall levy a victim compensation assessment of Twenty Dollars ($20.00) for each felony and Five Dollars ($5.00) for each misdemeanor upon every fine, penalty, and forfeiture imposed and collected. When a cash bond is posted for any offense included in this subsection, the bond shall also include a sufficient amount to cover the victim compensation assessment.

21 O.S.1981, § 142.18(B).[1]

The Legislature's choice of the word "shall" is highly significant. It is usually given the meaning of "must", and is interpreted as implying a command or mandate. *Sneed v. Sneed*, 585 P.2d 1363 (Okl.1978). Its invariable signification is the exclusion of the idea of discretion. *State v. Hunt*, 286 P.2d 1088 (Okl.1955) ("the context ought to be very strongly persuasive before it is softened into mere permission") (quoted in *Sneed v. Sneed*, supra, 585 P.2d at 1364, Note 2). By the clear terms of the statute, the judge was under a nondiscretionary duty to impose at most a five dollar assessment against petitioner.[2]

The respondent suggests that the statute was only intended to establish minimum assessment levels, leaving the judge free to assess greater sums in his discretion. This suggestion is not persuasive. Had the Legislature so intended, it undoubtedly would have utilized different language. Compare 21 O.S.1981, § 142.18(A), supra, Note 1 ("shall be ordered to pay a victim compensation assessment of *at least* Twenty-five Dollars ($25.00), but not to exceed Ten Thousand Dollars ($10,000.00)"). (Emphasis added.)

Moreover, respondent's argument is inconsistent with the legislative purpose to assist victims of criminal acts who suffer bodily injury or death. 21 O.S.1981, § 142.-1. To that end, a revolving fund is created, 21 O.S.1981, § 142.17, and those committing crime are required to contribute. Under 21 O.S.1981, § 142.18(A) supra, Note 1, those committing felonies actually involving criminally injurious conduct are subject to assessments not to exceed Ten Thousand Dollars. To interpret § 142.18(B) as merely stating minimum assessment levels

---

1. The first paragraph of § 142.18 reads as follows:

 A. In addition to the imposition of any costs, penalties or fines imposed pursuant to law, any person convicted or pleading guilty to a felony involving criminally injurious conduct shall be ordered to pay a victim compensation assessment of at least Twenty-five Dollars ($25.00), but not to exceed Ten Thousand Dollars ($10,000.00), for each crime for which he was convicted. In imposing this penalty, the court shall consider factors such as the severity of the crime, the prior criminal record, and the ability of the defendant to pay, as well as the economic impact of the victim compensation assessment on the dependents of the defendant.

2. Petitioner does not contend that the offense charged in this case, Driving Under the Influence of Alcohol, is a "traffic [offense]", exempted from the Act by 21 O.S.1981, § 142.18(B), supra.

would subject persons committing the crimes stated therein, to wit, felonies or misdemeanors "not described in susbection A", in other words, *not* involving criminally injurious conduct, to unlimited assessment liability. Such a disparity in treatment, favoring those actually causing bodily injury or death, is not required by the language or intent of the statute.

The further urging that § 142.18 was not intended to limit the judge's power to formulate the conditions of a deferred judgment under 22 O.S.Supp.1982, § 991c is also without merit. Both § 142.18(A) and (B) are directed at "any person convicted or pleading guilty" to certain offenses. The term "convicted," or "conviction", must be construed in its technical, legal sense as the judgment and sentence pronounced upon a verdict or plea of guilty, rather than the verdict or plea itself. See *Ex Parte, White,* 28 Okl.Cr. 180, 230 P.2d 522 (1924); *State v. O'Dell,* 71 Idaho 64, 225 P.2d 1020 (1950); *Vasquez v. Courtney,* 272 Or. 477, 537 P.2d 536 (1975). Otherwise, the phrase "any person convicted" would include persons pleading guilty, and the further statutory language, "or pleading guilty" would be rendered superfluous. A statute is to be given a construction which renders every word and sentence operative. *Swanson v. City of Tulsa,* 633 P.2d 1256 (Okl.Cr. 1981) (quoting from *Simmons v. Benson,* 206 Okl. 539, 244 P.2d 1126 (1952)).

▪▪▪ Accordingly, § 142.18(A) and (B) are directed against any person "convicted", that is, formally pronounced guilty upon a verdict or plea of guilty, and any person "pleading guilty", that is, entering a plea of guilty without judgment. The latter description clearly embraces those receiving a deferred judgment upon a plea of guilty. A deferred sentence under 22 O.S.Supp. 1982, § 991c is not a "conviction" until the trial court pronounces judgment and sentence. *Belle v. State,* 516 P.2d 551 (Okl.Cr. 1973). We conclude that the assessment limitations in § 142.18 were intended to apply to deferred judgments entered upon pleas of guilty.[3]

Respondent's assertion that adequate alternative remedies exist is not well taken. Relegating petitioner to a petition for certiorari under 22 O.S.1981, Ch. 18, App., Rule 1.2(D)(5), or an application for post-conviction relief under 22 O.S.1981, § 1080(c), would require that petitioner disobey the assessment order, suffer acceleration and undergo formal imposition of judgment and sentence before securing review. Requiring petitioner to withdraw his plea of guilty, under 22 O.S.1981, § 517, would merely force him to stand trial before again facing the judge, who conceivably might still impose an excessive victims compensation assessment.

We therefore find that the court erred in assessing a victims compensation payment two hundred times that allowed by statute, and that this error is reviewable by mandamus. In its brief, Amicus Curiae frankly admits that District Courts throughout the State are conditioning probation on similar grounds. We disapprove of this practice. The fact that a defendant must "consent" to an order deferring judgment, 22 O.S. Supp.1982, § 991c, does not warrant excessive assessments as conditions of such orders, since "[a]ny solicitation and/or acceptance of contributions into a fund in exchange for favorable treatment in a criminal prosecution is illegitimate leverage and gross abuse of power." *Gray v. State,* 650 P.2d 880 (Okl.Cr.1982) (disapproving leniency in plea bargaining in exchange for contributions by criminal defendants into an unauthorized fund).

We assume original jurisdiction. The respondent is directed to enter a victims compensation assessment in accordance with § 142.18(B), i.e., Five Dollars ($5.00).

---

**3.** The respondent does not suggest that the assessment is authorized by 22 O.S.1981, § 991a(A)(1)(d), empowering a court which imposes a suspended sentence to order the person convicted to pay a reasonable sum into any trust fund established under 60 O.S.1981, §§ 176–180.4 that provides restitution to victims of crime incurring financial loss.