**Jeannie ASKINS, Appellant,**

v.

**CITY OF OKLAHOMA CITY, Appellee.**

**No. 0–88–860.**

Court of Criminal Appeals of Oklahoma.

March 29, 1989.

Donald L. Easter, Oklahoma City, for appellant.

Robert D. Allen, Municipal Counselor, Michael F. Fouts, Asst. Municipal Counsel, for appellee.

**OPINION**

BUSSEY, Judge:

Appellant, Jeannie Askins, a bail bondsman, has appealed to this Court from or-

ders of the Municipal Criminal Court of Record of the City of Oklahoma City, Case Nos. 860784989 and 860784998, denying her Motion for Remittitur after forfeiture of bond. She asserts that the orders violate the municipal court's mandatory duties under 11 O.S.Supp.1988, § 28–127(E).

The record shows that the defendant in the criminal action failed to appear on February 3, 1988, and his bonds were ordered forfeited. The Municipal Court found that appellant received notice of the forfeiture on February 4. Appellant filed a motion to set aside the forfeiture on March 15, 1988, and the Municipal Court signed a "final order" of bond forfeiture on April 18, 1988. Appellant paid the bond money into court on May 12, 1988. The defendant in the criminal proceeding was apprehended and taken back into custody by Oklahoma City police on May 21, 1988.

Appellant argues that because the defendant was arrested within thirty days from the date that payment was made into court, she is entitled to return of her property under 11 O.S.Supp.1988, § 28–127(E). This statute provides in pertinent part:

E. After the final judgment has been paid, upon the event the defendant is returned to custody *within thirty (30) days of such final judgment,* then upon proof that all expenses have been paid by the bondsman the bondsman's property shall be returned.

(Emphasis added.)

A plain reading of this language shows that the date that the forfeiture is paid does not mark the beginning of the thirty days referred to in the statute. Rather, the question is when the judgment became final. Title 11 O.S.Supp.1988, § 28–127(B) provides:

B. In the event of the forfeiture of a bail bond, the clerk of the municipal court of record shall notify the bondsman and, if applicable, the insurer on any said bond, by mail with return receipt requested. The bondsman may, within thirty (30) days from the date of such notice, file with the municipal court a motion to set aside the order of the forfeiture which motion shall contain the

grounds upon which it relies. *If the bondsman fails to file the motion within thirty (30) days, the forfeiture shall become final* and the clerk shall send notice, by mail with return receipt requested, of the final order to the bondsman and, if applicable, the insurer.

(Emphasis added.)

■ Appellant failed to file her motion within the thirty (30) day period. Thus, the forfeiture in this case became final on March 7, 1988, by operation of the statute. Appellant had thirty days from that date to see that the defendant was returned to custody and to pay all expenses if she sought return of her property under the mandatory provisions of Section 28–127(E). The defendant was not taken back into custody until May 21, which is clearly in excess of thirty days.

Even if the forfeiture had not become final until the order of April 18, the record shows that appellant received a copy of the order on April 20, 1988. More than thirty days elapsed between that time and the defendant's arrest, and the mandatory provisions of the statute requiring return of appellant's property were not applicable.

■ It is also clear that regardless of which date the forfeiture became final, appellant failed to make payment within twenty days as required by 11 O.S.Supp. 1988, § 28–127(C). We find that this presents sufficient basis to support exercise of the court's discretion to deny return of appellant's property.

Finding no basis for reversal, the order of the Municipal Court is AFFIRMED.

LANE and LUMPKIN, JJ., concur.

BRETT, P.J., and PARKS, V.P.J., concur in result.

PARKS, Vice Presiding Judge, concurring in result:

I believe the majority's lengthy interpretation of 11 O.S.Supp.1988, § 28–127 is unnecessary. A bondsman is entitled to mandatory return of his forfeited property where the defendant is returned to custody in compliance with Section 28–127(E), and

"upon proof that all expenses have been paid...." Appellant argues this latter requirement has been met because "the City has not provided proof that any outstanding expenses exist." *Amended Brief of Appellant*, at 5. I disagree. The statute clearly places the burden of proof on this requirement upon the bondsman, and appellant has not met that burden. Therefore, appellant has failed to show a clear legal right to the extraordinary writ of mandamus. *See Woolen v. Coffman*, 676 P.2d 1375, 1377 (Okla.Crim.App.1984).

Based on the foregoing, I agree the petition for a writ of mandamus should be denied.