NELSON ALLEN, PROSECUTOR, v. WILLIAM J. McGOVERN, JUDGE OF THE SECOND CRIMINAL COURT OF JERSEY CITY, ET AL., RESPONDENTS.

Argued October 3, 1933—Decided December 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Edmund S. Johnson* (*John W. Ockford*).

For the respondents, *James A. Hamill* and *Charles Hershenstein*.

Per Curiam.

The writ brings up for review a conviction under section 2 of an ordinance of Jersey City designed to regulate the unsolicited distribution of newspapers, periodicals, books, magazines, circulars, cards and pamphlets. The ordinance provides as follows: "No person shall distribute or cause to be distributed to the occupants of any house, place or cause to be placed in any areaway, in front of, or along the side of any house, or upon the doorstep thereof any newspaper, paper, periodical, book, magazine, circular, card or pamphlet, *unless the same has been previously ordered* by the person in actual occupation of the house, in the areaway of which, in front of which, or along the side or doorstep of which said newspaper, paper, periodical, book, magazine, circular, card or pamphlet shall be distributed or placed." The prosecutor had called at a private residence and delivered an unsolicited advertising circular to the occupant.

It is first urged that the ordinance was *ultra vires*. We think not. The legislature has delegated to the municipality the duty to preserve the public peace and good order. *Pamph. L.* 1932, *p.* 151, 152. There is also power to regulate the ringing of bells and the crying of goods. City life is very complex. There can be no doubt that the city can prevent the misuse of the streets. But can it prevent the distribution to householders of unsolicited advertising matter? We think it can.

The right to circularize the householders, in certain ways, is absolutely prohibited by the ordinance. It was apparent to the city commission that the mere regulation as in *Philadelphia* v. *Brabender,* 201 *Pa.* 574; 51 *Atl. Rep.* 374, was not sufficient to prevent the public peace and good order in Jersey City but was inadequate, for the reason that the doorbell method was adopted not only to secure a hand distribution of the advertising bills but also to avoid the provisions of section 1 of the ordinance under review.

The doorbell method not only tends to clutter the streets and areaways with waste paper but in addition the distributors unfortunately acquire an intimate knowledge of the unoccupied residences and the habits of the householders.

It is contended that the ordinance unreasonably interferes with the right to choose an occupation and to advertise merchandise by the handbill method. The Supreme Court of the United States upheld a New York ordinance prohibiting the display of advertisements upon the Fifth avenue buses (*Fifth Avenue Coach Co.* v. *New York,* 221 *U. S.* 467) and also a state statute prohibiting drumming or soliciting on trains for hotels and lodging houses. *Williams* v. *Arkansas,* 217 *U. S.* 79.

The records in this case demonstrate that the municipality had reasonable cause to believe that the unsolicited distribution of the advertising mediums named in the ordinance was detrimental to the public peace and good order. By so doing the city has not violated the organic law. It has not deprived advertisers of the opportunity to advertise their goods or to approach possible customers. All that it has prohibited is the unsolicited distribution of books and papers among householders. Ordinances have been long upheld as within the police power when the design was to prevent the cluttering of the streets and the frightening of horses. The fact that the prosecutor first rang the door bell and then handed in the unsolicited advertising matter does not alter the situation, since the city must regulate the use of its streets for the good of the greatest number. There are restraints upon every one for the common good. The city commissioners being familiar with the local conditions are primarily the judges of the necessity. *Jacobson* v. *Massachusetts,* 197 *U. S.* 11.

There can be no question that the city could exclude beggars, peddlers and panhandlers from its streets and the mere circumstance that these persons should adopt the doorbell method of approach would in no sense enlarge their rights. It seems to us that therefore the ordinance, in so far forth as it prohibits the unsolicited distribution of papers, magazines, advertising matters and other articles mentioned in it, violates no consitutional privilege.

The writ will be dismissed.