N. J. GOOD HUMOR, INC., PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE BOROUGH OF BRADLEY BEACH, RECORDER'S COURT OF BRADLEY BEACH, COUNTY OF MONMOUTH AND WALTER FOX, RECORDER OF BRADLEY BEACH, NEW JERSEY, RESPONDENTS.

Argued May 3, 1939—Decided July 22, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the prosecutor, *Kristeller & Zucker* (*Lionel P. Kristeller*, of counsel).

For the respondents, *Joseph R. Megill* (*Ward Kremer*, of counsel).

The opinion of the court was delivered by

PORTER, J.   The writ of *certiorari* brings before us for review the conviction of the prosecutor, N. J. Good Humor, Inc., by the recorder of the borough of Bradley Beach for a violation of a municipal ordinance prohibiting peddling.

The facts are not in dispute. The prosecutor is engaged in selling ice cream and confections. Its method of doing business is to sell wares from automobiles throughout the state. It furnishes the vehicles to its salesmen under certain conditions as to furnishing oil and gasoline for their operation and pays the salesmen for their services certain commissions based upon the sales made.

One William E. Knoblock was so employed by prosecutor and on August 18th, 1938, and on other occasions, made sales from the automobile within the municipality in question. The prosecutor was charged with violating the ordinance and the facts not being challenged by it the recorder found it guilty and imposed a fine of fifty dollars. The recorder found that the prosecutor was engaged in peddling its wares from its automobile by its agent Knoblock.

With that conclusion we are in accord. Its method of selling from its automobiles is peddling within the well known and generally accepted meaning of that term, and as denounced by the ordinance.

·The pertinent question presented is whether or not the ordinance is valid and enforceable.

The argument of the prosecutor is that it is not enforceable for the reasons that it is unreasonable, arbitrary, capricious and discriminatory, and further, that it violates its constitutional rights by the denial of equal protection of the law. The

ordinance makes it unlawful for any person, firm or corpora-
tion to hawk, peddle or vend any goods, wares or merchandise
within the municipality, or to carry the same from place to
place, or house to house, or to expose them for sale in a push
cart, wagon, automobile or otherwise.  The respondents con-
tend that its authority to enact the ordinance was delegated
to it by the legislature in the so-called Home Rule act, *R. S.*
40:48-2.

The language of that provision is very comprehensive and
it seems to us clear that it was the legislative intent to vest
such power in the municipalities, as was done in the instant
case, as a proper exercise of the police power.  This section
reads as follows:  "Any municipality may make, amend,
repeal and enforce such other ordinances, regulations, rules
and by laws not contrary to the laws of this state, or of the
United States, as it may deem necessary and proper for the
good government, order and protection of persons and prop-
erty, and for the preservation of the public health, safety and
welfare of the municipality and its inhabitants and as may be
necessary to carry into effect the powers and duties conferred
and imposed by this subtitle, or by any law."

We conclude that the ordinance is not arbitrary nor
discriminatory because it applies to everyone who seeks to sell
his goods in the manner indicated.  Is it unreasonable, arbi-
trary or capricious?  To answer that question consideration
must be given to the local conditions and requirements.  It
must be assumed that the municipality acted in good faith
and with discretion.  *Silvester* v. *Princeton,* 104 *N. J. L.* 18.
What would be reasonable in one place might not be in
another.  Here we have a summer resort at the seashore with
numerous cottages for summer occupancy.  The population is,
of course, much greater during the summer months.  The
business done there is therefore largely seasonal.  It may be
that because of this situation the local resident-merchants
are unequal to the task of serving the needs of this influx of
summer residents and that the economic law of supply and
demand is met by itinerant vendors or peddlers from other
places.  If that be so it cannot be said that the municipality

is without power to regulate the method used by these venders in selling their wares. But be that as it may, and irrespective of the reasons why itinerant dealers come into the municipality, it is our conclusion that it is within the delegated police power of the municipality to regulate the method by which its residents may be served. It may decide that its streets shall not be used as places of sale because of traffic conditions; and that the needs of the people seeking rest and quiet at such a resort must be met by prohibiting the noises of hawkers in crying their wares by the use of the human voice, bells, horns or other mechanical devices.

It is to be noted that the ordinance is not a prohibition of the sale of goods, but rather a restriction in the manner or method of sale. The ordinance is not, in our view, unreasonable, arbitrary or capricious.

Our attention has not been called to any decision of the courts of this state on the constitutionality of an ordinance which prohibits peddling. While decisions in other jurisdictions are not uniform the general rule seems to be that such prohibition does not invade any constitutional rights. The cases are collected in a footnote in 105 *A. L. R.* 1051. See, also, note in 88 *Id.* 183.

*Commonwealth of Pennsylvania* v. *Gardner,* 133 *Pa.* 284; 19 *Atl. Rep.* 550, is widely cited and seems to be a leading case. It held that "Our laws relating to peddling are directed, not against the right of acquisition, but the manner in which some people exercise that right; not to the right of an owner to sell his goods, but to the manner in which he may sell them. Our peddling laws are, therefore, not in violation of the constitutional rights of the owner of goods, but are a wise exercise of the police power over the manner in which goods, wares and merchandise shall be sold." *Cf. Green River* v. *Fuller Brush Co.,* 65 *Fed. Rep.* (2d) 112, and cases therein cited. *Williams* v. *Arkansas,* 217 *U. S.* 79; *Emert* v. *Missouri,* 156 *Id.* 296; *Commonwealth* v. *Ober,* 66 *Mass.* 493 (at *p.* 495).

Another argument advanced by the prosecutor is that the ordinance is ineffective as against a corporation for the reason that to peddle is a personal act of which a corporation is incapable.

We think there is no merit to that contention. Corporations may, through their agents, carry on the usual affairs of business and even may be indicted under the criminal law. *State* v. *Passaic County Agricultural Society,* 54 *N. J. L.* 262; *State* v. *Lehigh Valley Railroad Co.,* 90 *Id.* 372; *United Dining Car Co.* v. *Camden,* 103 *Id.* 232.

There remains for consideration the fact that Knoblock, the agent of prosecutor who was in charge of the automobile and who actually did the peddling, was an honorably discharged veteran holding a license to peddle in the state. Knoblock was personally immune from the provisions of the ordinance. *Strauss* v. *Bradley Beach,* 117 *N. J. L.* 45. Indeed no charge was prosecuted against him, but clearly his personal immunity did not extend to his employer for whom he was acting.

The conviction is affirmed.