No. 14,467.

McCORMICK *v.* CITY OF MONTROSE.
(102 P. [2d] 899)

The following dissenting opinion was filed May 27, 1940. For majority opinion see 105 Colo. 493.

MR. JUSTICE FRANCIS E. BOUCK dissenting.

I dissent. The statement of facts given in the court opinion herein will be a sufficient basis for my discussion without repeating them here.

The opinion definitively settles nothing except the mere fact that, on account of the peculiar state of the

record before us, McCormick (defendant below, plaintiff in error here) owes the city of Montrose a $50 fine. This view I base upon several grounds.

1. By applying to the fact-stipulation herein the interpretation most unfavorable to the defendant, the opinion has considered the situation without the inclusion of certain factors that I think must be considered before one can regard the decision as determinative of the constitutional questions sought to be raised by the defendant. The opinion holds that the stipulation's phrase "without request or invitation" [to call and solicit business] necessarily admits that there was not only no *express* request or invitation but no *implied* request or invitation either. This seems unjustifiable in view of the persistent attitude of the defendant in claiming an implied invitation.

2. By sustaining the refusal of the county court to admit oral evidence offered on behalf of the defendant to supplement the stipulation by showing an implied invitation, the opinion approves a restriction which is not only directly contrary to the vital concluding part of the stipulation itself (which part the opinion fails to include in its quotation, but which I append in footnote[1] at the end of this dissenting opinion), but thereby shifts to the defendant a burden of proof which at the same time it forbids him to supply. The result must be that what the opinion says about the futility of implied invitation is mere dictum. On this point the defendant has not had his day in court.

3. Instead of giving a reasonable opportunity to the defendant to litigate fully his constitutional rights, the opinion has, by what appears to be a forced and excessively literal construction, eliminated all constitutional questions except those relating to the due-process clause and the interstate-commerce clause of the Federal Constitution. It may well be that on the present record these particular provisions cannot be invoked. Undiscussed and undetermined, however, is the funda-

mental right of *freedom of speech* (as is the kindred right of freedom of the press). To imply that, because free speech may not be expressly mentioned in the arguments of defendant's counsel, the right of free speech is therefore not involved here, is in strong contrast to the meticulous care of the United States Supreme Court in looking through mere form and straight at the substance of things where personal rights are said to have been violated. In the light of the recent judicial history of that great tribunal citation of specific decisions by way of general illustration is unnecessary. Compare: *Lovell v. City of Griffin,* 303 U.S. 444, 450.

4. The opinion apparently attaches considerable importance to the fact that Montrose is a home-rule city. The right of a city to exercise the police power is no greater than would be the right of the State itself. The requirement of reasonableness in police regulation cannot be avoided by a change in the governmental form of the municipality. Neither can a city, whether home-rule or otherwise, declare to be a nuisance what under fundamental principles is not reasonably a nuisance; nor can it lawfully take jurisdiction over a private nuisance where this does not also constitute a public nuisance. If the act condemned under the police power is, as here, not inherently unlawful, we cannot make it unlawful in the absence of the essential requisites of police power.

5. That the constitutional rights of the defendant have not all been fully disposed of in the opinion by ruling on alleged violations of the due-process clause and the interstate-commerce clause is clear. Often the most precious constitutional rights have no relation whatever to material property or interstate trade therein.

If I am wrong in thinking that the Supreme Court might properly have regarded the constitutional question of freedom of speech as duly raised herein—in other words, if this court should think that counsel have not properly presented this particular question—then all the

more is it true that the constitutional validity of the Montrose ordinance has not been sufficiently considered to enable the court to pronounce either unqualified approval or unqualified condemnation upon the enactment; at best it would be an adjudication with but an inadequate basis.

Had freedom of speech been in the case, I believe the conclusion of the court must necessarily have been in favor of the defendant.

In contrast with the constitutional arguments in other cases are the county court's findings which frankly disclose the real reasons for its decision (which I quote from the record in footnote[2] at the end of this dissenting opinion).

The quotation unmistakably shows that the city of Montrose has proceeded along forbidden paths.

The authorities cited in the Supreme Court opinion here as supporting its own conclusion are not only small in number but almost all are on a vastly different state of facts, and are readily distinguished. For example, *Allen v. McGovern,* 12 N.J. Misc. 12, 169 Atl. 345. Contrast with the latter the case of *N. J. Good Humor v. Bd. of Com'rs of Borough of Bradley Beach* (decided January 25, 1940), 11 A. (2d) 113, reversing 123 N.J.L. 21, 7 A. (2d) 824.

In *Town of Green River v. Bunger,* 50 Wyo. 52, 58 P. (2d) 456, it seems that the due-process clause and the interstate-commerce clause were emphasized to the exclusion of the right of free speech. Similarly *Town of Green River v. Fuller Brush Co.,* 65 F. (2d) 112, apparently ignores the issue of free speech.

As against the cases cited by this court in support of its opinion, I think the cases it mentions as holding the contrary view show the better reason.

In addition to cases cited in the printed briefs, see: *City of McAlester v. Grand Union Tea Co.* (decided January 30, 1940, where an Oklahoma copy of the Green

River ordinance was involved and adjudged unconstitutional) (Okla.), 98 P. (2d) 924; *Schneider v. State of New Jersey (Town of Irvington)*, (four cases) (U. S.), 60 Sup. Ct. 146 (decided November 22, 1939).

In passing I wish to refer to the case of *Fuller Brush Co. v. Town of Green River*, 60 F. (2d) 613 (reversed in 65 F. (2d) 112, where freedom of speech was not considered). It seems to me that District Judge Kennedy's opinion is unanswerable.

The briefs of plaintiff in error and the petitions for rehearing of plaintiff in error and amici curiae are, I think, not only persuasive but conclusive.

The foregoing sufficiently shows my reasons for dissent.

---

[1] The omitted portion of the stipulation is as follows: "Either party may introduce such further evidence as such party may desire at the trial of said cause upon its merits."

[2] The findings referred to are as follows:

"The court now being advised in the premises doth find:

"That the Colorado statutes give municipalities the power to declare what shall constitute a nuisance and to prevent, abate and remove the same.

"The Court further finds that the ordinance involved herein is one solely of police power declaring certain transactions or peddling a nuisance in the local community; that said ordinance protects the householder and the local merchant who pays his taxes and supports the institutions therein from non-paying peddlers or solicitors who are non-residents of the community and prevents such peddlers or solicitors from reaping the benefits of the taxpaying merchants.

"That in the cases cited to the court both defendants — that is, the defendants in the Wyoming and Florida cases — were residents of the city whose ordinances were involved. Herein, defendant is not a resident."