COUNTY COMMISSIONERS — REZONING The board of county commissioners, pursuant to 19 O.S. 866.1 [19-866.1] (1971) et seq. has authority to rezone property within its jurisdiction where the Metropolitan Area Planning Commission has held public hearings and made written recommendations to the board of county commissioners. There is no requirement that the original applicant before the Metropolitan Area Planning Commission have an ownership interest in the land which is sought to be rezoned, assuming the other requirements of the act, supra, are met. The Attorney General has received your letter wherein you ask for an opinion on the following question: Does the Board of County Commissioners, pursuant to the City-County Planning and Zoning Act at 19 O.S. 866.1 [19-866.1] (1971) et seq., have authority to rezone property within its jurisdiction based upon an application for rezoning filed with the Metropolitan Area Planning Commission, by adjoining property owners having no ownership interest in the land to be rezoned, where such application is based upon a change in conditions in the area, and after the proper statutory notice and public hearing by the Metropolitan Area Planning Commission and after receipt by the Board of the MAPC's recommendations? In effect, you have asked whether an adjacent landowner's petition may properly form the basis for the Board of County Commissioners to exercise their zoning powers. As you have noted, 19 O.S. 866.1 [19-866.1] (1971) et seq. authorizes city -county planning and zoning. Section 19 O.S. 866.4 [19-866.4] of the act provides that the municipality shall have jurisdiction to administer and enforce rules and regulations within the limits of the municipality, and all other jurisdictions for the purpose of administering and enforcing the act shall be exercised by the county. Title 19 O.S. 866.16 [19-866.16] (1971) provides: ". . . The board of county commissioners of any such county is hereby empowered in accordance with the conditions and procedures specified in this act, to regulate the location, height, bulk, number of stories and size of buildings and other structures in the areas of the county not included within the territorial jurisdiction of the municipality as herein defined, . . ." Of further relevant interest is 19 O.S. 866.17 [19-866.17] (1971) which provides as follows: "Whenever the commission of such county shall make and certify to the board of county commissioners of such county a zoning plan, including both the full text of the zoning resolution and proposed regulations and map or maps representing the recommendations of the commission for the regulation by districts or zones, the location, height, bulk, number of stories and size of buildings and other structures in the areas of the county, not included within the territorial jurisdiction of the municipality as herein defined, . . . then the board may exercise the powers granted and, for the purposes mentioned in 19 O.S. 866.16 [19-866.16] (1971), may divide the areas of such county located within three miles of such municipality or within one-fourth mile of a state or federal highway, and not included within the territorial jurisdiction of the municipality or within another incorporated municipality, into districts or zones in such number, shape, and area as it may determine and, for said purposes, may regulate the erection, construction, reconstruction, conversion, alteration, and uses of buildings and structures and the uses of land. All such regulations shall be uniform for each class or kind of building throughout each district, but the regulations in one district may differ from those in other districts." Title 19 O.S. 866.18 [19-866.18] (1971) provides as follows: "Prior to the adoption of any zoning regulations the Board, as it affects its jurisdiction, shall request the commission to recommend the boundaries of the various districts and appropriate regulations to be in force therein. The commission shall make a preliminary report of its recommendations for such zoning regulations and shall hold one or more public hearings thereon. . . the commission shall make its final report to the board, together with a summary of the results of the public hearings, its proposed zoning regulations, map or maps, and suggested resolution. The Board may then adopt the proposed regulations or refer them back to the commission for further consideration." Further, Section 19 O.S. 866.20 [19-866.20] provides: "The zoning regulations imposed and the districts created under the authority of this act may be amended, supplemented, changed, modified or repealed from time to time by resolution of the Board, as it affects its jurisdiction, but no such change shall be made without proper notice and hearing and the filing of a report and recommendations upon such proposed hearings by the commission. . . ." It is to be noted from the proceeding provisions that there is no express requirement regarding who may petition the Metropolitan Area Planning Commission for a change of zoning regulations. Similarly, the only express requirement prior to action by the board of county commissioners is the receipt of the recommendations of the Metropolitan Area Planning Commission and the holding of public hearings, as required by Section 866.18. There is considerable conflict in various jurisdictions and by recognized authorities as to what type of interest in land is required before a person becomes entitled to seek a change in zoning regulations. See Yokley, Zoning Law and Practice, 13-4 and Rathkopf, Law of Zoning and Planning, 40-1. Various jurisdictions hold that an ownership interest in land is required before a change in zoning regulations may be requested, while other jurisdictions hold that no ownership interest is required at all prior to seeking such change. In Board of Adjustment v. Board of Education, Okl., 326 P.2d 800, the Oklahoma City Board of Education applied for a variance from zoning regulations so that they could establish a parking lot for public school. The Board of Adjustment denied the requested variance and the District Court reversed the Board of Adjustment and granted the requested variance. Upon appeal, one of the questions raised was that the Oklahoma Board of Education did not own the property for which it sought a variance. As the Court noted: "The only other proposition of error necessary to mention is protestant's proposition three, in which they assert that the trial court's judgment was erroneous for the further reason that applicant is not the owner of the lot involved, and that its agreements to purchase them expired, under their own terms. . . . We are of the opinion that it is not necessary for those wishing to provide such space, to own the property upon which it is provided. . . We hold that it is not necessary, as protestants contend, for the party wishing a permit to provide the parking space . . . to be the owner of said space, in order to obtain such permit." So, within the context of requesting a variance from zoning regulations, the Oklahoma Supreme Court has held that an ownership interest is not required as a precondition to requesting such variance. It is felt that the same principle would apply to a request for change in zoning regulations by the Board of County Commissioners and it is further noted that there is no such requirement expressly stated in the act. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The board of county commissioners, pursuant to 19 O.S. 866.1 [19-866.1] (1971) et seq. has authority to rezone property within its jurisdiction where the Metropolitan Area Planning Commission has held public hearings and made written recommendations to the board of county commissioners. There is no requirement that the original applicant before the Metropolitan Area Planning Commission have an ownership interest in the land which is sought to be rezoned, assuming the other requirements of the act, supra, are met. (Steven E. Moore)