**STATE of Oklahoma, ex rel., Steven S. SUTTLE, District Attorney, Petitioner,**

v.

**The DISTRICT COURT OF JACKSON COUNTY and the Honorable Ray L. Jones, Jr., District Judge, Respondents.**

No. O–90–242.

Court of Criminal Appeals of Oklahoma.

May 15, 1990.

Publication Ordered June 9, 1990.

## ORDER DENYING WRIT OF MANDAMUS

On March 8, 1990, petitioner, Steven S. Suttle, District Attorney for the Third Judicial District, State of Oklahoma and for Jackson County, filed a pleading in this Court asking for extraordinary relief. The State requested that this Court grant a Writ of Mandamus directing the District Court of Jackson County and the Honorable Ray L. Jones, Jr., District Judge, to vacate an Order issued March 5, 1990. That Order sealed all records pertaining to an ex parte hearing on defense motions in the case of *State of Oklahoma v. George Wayne Loftis*, Case No. CRF–89–223, Jackson County, held on February 17, 1990.

We stayed the proceedings and called for a response from the Jackson County District Court on March 15, 1990, which it timely filed. On April 17, 1990, we granted leave for Donrey Publishing, Inc., d/b/a Altus Times, and the Oklahoma Press Association to file an amicus curiae brief.

■ The State in its pleadings to this Court alleges that Judge Jones abused his discretion by ordering the records sealed. For a writ of mandamus to be issued, the petitioner must establish that (1) it has a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion and (3) the adequacy of mandamus and the inadequacy of other relief. Rule 10.6(B) *Rules of the Court of Criminal Appeals*, 22 O.S.Supp.1989, Ch. 18 App.

■ First, petitioner does not have a clear legal right to have these records unsealed before trial. The State concedes that an ex parte hearing is proper in this situation. "The manifest purpose of the ex parte proceedings ... is to insure that defendants will not have to make a premature disclosure of their case." *United States v. Greschner*, 802 F.2d 373 (10th Cir.1986). Second, respondent has not refused to perform a legal duty, rather he exercised his judicial discretion by ordering the records sealed. Whether respondent abused that discretion is not a proper matter for a writ of mandamus. See Rule 10.6(B) *Rules of the Court of Criminal Appeals*, 22 O.S. Supp.1989, Ch. 18 App.

Finally, petitioner argues that to seal the records denies the public and the press access to the records involved in this criminal trial in violation of the first and sixth amendments. However, the United States Supreme Court has held that the Sixth Amendment right to a public trial is personal to the accused. *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 380, 99 S.Ct. 2898, 2905, 61 L.Ed.2d 608 (1979). An accused's constitutional right to a fair trial overrides any interest the State may have in such proceedings.

THEREFORE, IT IS THE ORDER OF THIS COURT that this writ of mandamus should be denied; petitioner has failed to meet its burden of proof establishing that such extraordinary relief is appropriate in this situation.

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS
Presiding Judge

/s/ James F. Lane
JAMES F. LANE
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT
Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Judge

LUMPKIN, J., concurs in results.

LUMPKIN, Judge, concurring in results.

I concur in the results reached by the Court in that we are bound by the rule of stare decisis as to the proper application of the extraordinary relief of mandamus. Rule 10.6(B), *Rules of the Court of Criminal Appeals*, 22 O.S.Supp.1989, Ch. 18 App., is derived from the decision in *Woolen v. Coffman*, 676 P.2d 1375 (Okl.Cr. 1984), and the Petitioner has not met the burden of showing the conditions have been met for the issuance of a writ of mandamus.

It must be noted that the Petitioner conceded than an ex parte hearing was proper in this situation. Therefore, we do not address the issue of whether an ex parte hearing is required under the provisions of 22 O.S.Supp.1985, § 464. In addition, Petitioner has failed to provide authority which creates the requirement that the records be made public prior to trial. This order addresses only the ability of a trial judge to exercise his discretion regarding temporary access to the records pending trial and not the ability to permanently seal the records.