2016 OK CR 19

**STATE of Oklahoma, Petitioner,**

v.

**The DISTRICT COURT OF MAYES COUNTY, The Honorable Rebecca Gore, Special Judge, Respondent.**

**Case Number: PR–2016–338**

Court of Criminal Appeals of Oklahoma.

Decided: 09/21/2016

## ORDER GRANTING REQUEST FOR EXTRAORDINARY RELIEF AND LIFTING STAY OF PROCEEDINGS

¶ 1 On April 29, 2016, Petitioner, the State of Oklahoma, by and through Mayes County Assistant District Attorneys Kali Strain and Brian Surber, filed a Petition for Writ of Prohibition or, alternatively, a Writ of Mandamus in Mayes County Case No. CF–2015–248(A), styled *State of Oklahoma v. Aaron McNulty.* The State requests this Court order the District Court of Mayes County, the Honorable Rebecca Gore, Special Judge, to follow the Rule 6.1[1] order issued by the reviewing court, the Honorable Barry Denney, Associate District Judge.

¶ 2 On September 15, 2015, a multi-county grand jury indictment was filed in Mayes County Case No. CF–2015–248(A) charging McNulty and five other defendants with the following felony counts: Count 1, Conspiracy to Deliver a Narcotic Controlled Dangerous Substance (CDS), and Count 2, First Degree Murder. McNulty was seventeen (17) years old at the time of the alleged offense. A preliminary hearing was conducted before Judge Gore, who, on March 22, 2016, sustained the demurrers of five of the defendants. The State appealed the ruling pursuant to Rule 6.1. The appeal was assigned to Judge Denney, and a hearing was conducted April 7, 2016.

¶ 3 In his Rule 6.1 order filed April 13, 2016, Judge Denney directed Judge Gore to ".issue bind-over orders on all defendants as to all crimes set forth above and set all cases for District Court Arraignment." Judge Denney found, with respect to defendant McNulty, that there was sufficient cause to bind him over on charges of Conspiracy to Distribute a Narcotic Controlled Dangerous Substance and First Degree Murder. On April 21, 2016, Judge Gore issued a bind-over order charging McNulty with Distribution of a Controlled Dangerous Substance which was to merge into the First Degree Felony Murder, on which he was also bound over. Judge Gore then ordered McNulty bound over on the charge of Conspiracy to Deliver a Controlled Dangerous Substance, ordering the charge to be filed as a juvenile offense.

¶ 4 The State argues that Judge Gore failed to follow Judge Denney's order directing her to bind McNulty over on charges as enumerated by the reviewing court, and alleges Judge Gore's order prohibits it from

---

1. Rule 6.1, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2016).

pursuing the proper charges against McNulty. The State requests this Court vacate Judge Gore's bind-over order and direct her to issue a bind-over order in compliance with Judge Denney's directive.

¶ 5 On May 19, 2016, this Court issued an order directing Judge Gore, or her designated representative, to respond to the State's claim that the court failed to perform a legal duty by refusing to issue a proper bind-over order in compliance with Judge Denney's directive in Mayes County Case No. CF–2015–248(A). Further proceedings in the matter were stayed pending resolution of the State's request for extraordinary relief.

¶ 6 Judge Gore's response, submitted by Defendant McNulty by and through counsel Winston Connor II and Joshua Brewer, as designated representatives, was filed with this Court on June 20, 2016. We now address the State's request for extraordinary relief.

■ ¶ 7 For a writ of prohibition, Petitioner must establish (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016). For a writ of mandamus a petitioner has the burden of establishing (1) he has a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief. *Woolen v. Coffman*, 1984 OK CR 53, ¶ 6, 676 P.2d 1375, 1377; Rule 10.6(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2016). We find merit in the State's claim.

¶ 8 McNulty's response alleges that the State is attempting to "bypass some of the rights of the accused" by seeking to have Judge Gore's bind-over order vacated. McNulty agrees that he was charged as an adult with First Degree Felony Murder, but

argues that Judge Gore correctly ordered the conspiracy charge to be prosecuted in Juvenile Court. In support of this claim, McNulty argues that, as defined by statute, he is a child. Title 10A O.S.Supp.2014, § 2–1–103(6) defines child or juvenile as

> any person under eighteen (18) years of age, **except** for any person charged and convicted for any offense specified in the Youthful Offender Act or against whom judgment and sentence has been deferred for such offense, **or any person who is certified as an adult pursuant to any certification procedure** authorized in the Oklahoma Juvenile Code for any offense which results in a conviction or against whom judgment and sentence has been deferred for such offense. (emphasis added).

Title 10A O.S.2011, § 2–5–203(A)(1) states that a child charged with violating any state statute or municipal ordinance other than as provided in Sections 2–5–205 and 2–5–206 of Title 10A shall not be tried in a criminal action as an adult or a youthful offender, but in a juvenile proceeding, unless certified as an adult pursuant to Section 2–2–403 of Title 10A. Because conspiracy is not one of the enumerated offenses for which a child can be charged as a youthful offender or adult, as specified in 10A O.S.2011, § 2–5–206[2], McNulty claims that Judge Gore properly bound him over for treatment as a juvenile with respect to the conspiracy charge.

■ ¶ 9 We disagree. The statutory provisions governing McNulty's status as an adult for purposes of the First Degree Murder charge prohibit his treatment as a juvenile for purposes of the conspiracy charge, or any other charge arising out of the same course of events that led to the murder charge. Title 10A O.S.2011, § 2–5–205(B) mandates prosecution of 17–year–old murder suspects as adults and specifically prohibits them from taking advantage of the provisions of the Youthful Offender Act or from seeking treatment as a Juvenile. In relevant part, the statute reads as follows:

**2.** 10A O.S.2011, § 2–5–206 lists the offenses for which a 17–year–old may be charged as a Youthful Offender, and does not include the crime of conspiracy. McNulty's reference to 10A

O.S.Supp.2009, § 2–5–101 is not applicable to this case as it applies only to crimes committed before January 1, 1998.

B. Any person fifteen (15), sixteen (16) or seventeen (17) years of age who is charged with murder in the first degree at that time **shall be held accountable for his or her act as if the person was an adult and shall not be subject to the provisions of the Youthful Offender Act or the provisions of the Juvenile Code for certification as a juvenile.** The person shall have all the statutory rights and protections of an adult accused of a crime. All proceedings shall be as for a criminal action and the provisions of Title 22 of the Oklahoma Statutes shall apply. A person having been convicted as an adult pursuant to this paragraph shall be tried as an adult for every subsequent offense.

The statute effectively certifies the offender as an adult if the offense charged is First Degree Murder, and further bars him or her from seeking the protections of the Youthful Offender Act or the provisions of the Juvenile Code for certification as a juvenile. As such, a 17-year-old charged with First Degree Murder is ineligible for classification as a Youthful Offender or Juvenile, and if convicted is required to be tried as an adult in all future prosecutions. We find that the statutory prohibition barring such an offender from seeking Youthful Offender or Juvenile status for purposes of the murder charge extends to any and all of the charges filed against the offender which arise out of the same set of facts and circumstances which resulted in the murder charge.

¶ 10 The statutory language in the Youthful Offender statute and the Juvenile Code supports such a finding. Title 10A O.S. 2011, § 2-5-203(A)(2) provides that when multiple offenses occur within the same course of conduct within the same county and the person is prosecuted for at least one offense as a youthful offender pursuant to Section 2-5-205 or 2-5-206 of the Youthful Offender Act, then all the charges may be prosecuted under the same action pursuant to the provisions of the Youthful Offender Act, if ordered by the court. The decision to join the cases is not appealable, and if the offense listed in Section 2-5-205 or 2-5-206 of the Youthful Offender Act is subsequently dismissed for any reason, then any remaining pending charges are to be transferred to the juvenile court. *See* 10A O.S.2011, § 2-5-203(A)(2). We find the same procedure should be followed in cases where the person is charged as adult for at least one of the statutorily specified offenses in situations where multiple offenses occur within the same course of conduct. By statute, McNulty is subject to trial as an adult by virtue of his age and the nature of the charged offense, and therefore cannot be subject to trial on the conspiracy charge either as a Youthful Offender or a Juvenile. *See also* 10A O.S. 2011, § 2-2-403(C).

¶ 11 The State's request for extraordinary relief is **GRANTED.** The order binding McNulty over as a juvenile on the charge of Conspiracy to Distribute a Narcotic Controlled Dangerous Substance is **VACATED.** The District Court of Mayes County, the Honorable Rebecca Gore, Special Judge, is directed to enter an order binding McNulty over on all charges as an adult.

¶ 12 **IT IS THE FURTHER ORDER OF THIS COURT** that the stay of proceedings in this matter is hereby **LIFTED.**

¶ 13 The Clerk of this Court is directed to transmit a copy of this order to the Court Clerk of Mayes County; the District Court of Mayes County, the Honorable Rebecca Gore, Special Judge and the Honorable Barry Denney, Associate District Judge; the State of Oklahoma; and counsel of record.

¶ 14 **IT IS SO ORDERED.**

/s/CLANCY SMITH, Presiding Judge

/s/GARY L. LUMPKIN, Vice Presiding Judge

/s/ARLENE JOHNSON, Judge

/s/DAVID B. LEWIS, Judge

/s/ROBERT L. HUDSON, Judge